**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| DEBORAH R. STUMP, : | |
| Plaintiff, : | |
| | Case No. 3:11cv00345 |
| vs. : | |
| | District Judge Timothy S. Black |
| MICHAEL J. ASTRUE, : | Magistrate Judge Sharon L. Ovington |
| Commissioner of the Social | |
| Security Administration, : | |
| Defendant. : | |

**ORDER**

On September 30, 2011, Plaintiff Deborah R. Stump, proceeding pro se, filed this social security case. (Doc. #2). On January 27, 2012, Defendant Commissioner filed an answer and certified administrative record. (Docs. #9, 10). Plaintiff had until March 30, 2012, to file her Statement of Errors. To date, Stump has not filed her Statement of Errors, nor requested an extension of time to do so. As such, the Court therefore **ORDERS** that Plaintiff inform this Court **on or before May 30, 2012** why she has not yet filed a Statement of Errors or requested an extension of time. In the alternative, Plaintiff may simply file her Statement of Errors on or before May 30, 2012.

A few suggestions may help pro se plaintiffs, like Stump, present a complete record in their cases. Pro se plaintiffs should keep in mind that one of the main goals for all parties in a case is to clearly present their claims and arguments. In social security

cases, pro se plaintiffs should explain why they think the Administrative Law Judge and the Social Security Administration erred by denying their application(s) for benefits. Be specific and use everyday conversational words, rather than attempting to sound like a lawyer. Again, the goal is clarity: all parties in a case serve their interests well by presenting the Court with clear and meaningful arguments and information. To assist, attached hereto is a copy of the Sixth Amended Magistrate Judges' General Order No. 11 Concerning Social Security Appeals, which is also available online: http://www.ohsd.uscourts.gov.

      Lastly, Plaintiff should note that failure to file a Statement of Errors, request an extension of time, or otherwise respond, may result in dismissal of this case for want of prosecution.

April 12, 2012

                                                    s/Sharon L. Ovington
                                                    Sharon L. Ovington
                                        United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON



IN RE:

SOCIAL SECURITY APPEALS

**SIXTH AMENDED MAGISTRATE JUDGES' GENERAL ORDER NO. 11**

To provide for the efficient adjudication of appeals to this Court of decisions of the Commissioner of Social Security under the Social Security Act, it is hereby ORDERED with respect to all such appeals:

1. All prior Orders of the United States Magistrate Judges at Dayton with respect to Social Security cases are hereby rescinded.

2. The Commissioner shall file and serve an answer and a certified copy of the administrative record not later than sixty days after completion of service of process. In all cases in which the certified administrative record has been filed electronically, all record references in subsequent filings shall be to the electronic page, i.e., to the PageID No. ___ which appears in the upper right hand corner of the electronic document as filed.

3. Not later than sixty days of service of the answer, the plaintiff shall file and serve a statement of specific errors upon which the plaintiff seeks reversal or remand. This statement shall be organized in the form of a memorandum in support of the plaintiff's position and shall also include PageID references to the administrative record as well as citations of applicable law and supporting authority. Statements of specific errors shall present the detail ordinarily expected in a motion for summary judgment, and shall raise and address all issues as to which the plaintiff seeks review.

4.      Not later than forty-five days after service of the statement of specific errors, the Commissioner shall file and serve a memorandum in opposition to the plaintiff's statement of specific errors. This memorandum in opposition shall be organized in the form of a memorandum in opposition to the plaintiff's position and in support of the Commissioner's decision and shall also include PageID references to the administrative record as well as citations to applicable law and supporting authority.

5.      Plaintiff may file and serve a reply memorandum not later than twenty-one days after service of the Commissioner's memorandum in opposition. Consistent with practice in this Circuit, the Court will not consider any new allegations of error introduced in the reply memorandum.

6.      All cases will be decided on the memoranda and the administrative record, unless the Court orders oral argument.

7.      In cases decided by a Magistrate Judge upon consent under 28 U.S.C. § 636(c), appeals may be taken as provided by law. In cases in which the Magistrate Judge files a report and recommendations to a District Judge on the merits of the case, the time for filing objections and responses to objections is the fourteen-day period provided by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72 unless modified by the Court.

8.      The practice of seeking lengthy (e.g., thirty days) extensions of time on conclusory grounds (e.g., "heavy caseload") is strongly discouraged. Repeated requests of this nature may lead to sanctions. All requests for extensions that do not comply with S. D. Ohio Civ. R. 7.3 will be denied. The Ohio Rules of Professional Conduct counsel attorneys not to accept more work than they can reasonably handle.

9.      When a case is remanded to the Commissioner for further proceedings and those proceedings are completed, if the Commissioner's new decision is adverse to the Plaintiff, the Commissioner shall file and serve a copy of the supplemental administrative record. The matter shall

2

then be briefed in accordance with this General Order: the plaintiff will have sixty days from the date of service of the supplemental administrative record within which to file a statement of specific errors in the form described above; the Commissioner will have forty-five days from the date of service of the statement of specific errors within which to file and serve a memorandum in opposition in the form described above; and the plaintiff will have twenty-one days from the date of service of the Commissioner's memorandum within which to file and serve a reply memorandum.

10. When a case is remanded to the Commissioner for further proceedings and those proceedings are completed, if the plaintiff accepts the Commissioner's new decision, plaintiff's counsel shall, within fourteen days of receipt of the Commissioner's new decision, notify the chambers of the Magistrate Judge to whom the case is assigned that the plaintiff accepts the new decision and the plaintiff does not seek further judicial review.

11. This Order is effective immediately and applies to cases currently pending before the Court.

August 31, 2011.

_____
Sharon L. Ovington
United States Magistrate Judge

_____
Michael J. Newman
United States Magistrate Judge

_____
Michael R. Merz
United States Magistrate Judge